# Exhibit B

CASE NO.                                                   JEFFERSON CIRCUIT COURT

TERRY SMITH
     Plaintiff

vs.

JBS PORK PRODUCTION FACILITY
1200 STORY AVE.
LOUISVILLE, KY 40206

AND

JBS FOODS USA
1770 PROMONTORY CIRCLE
GREELEY, CO 80634

Defendants

## COMPLAINT

     For his Complaint against Defendants JBS Pork Production Facility and JBS Foods USA, Plaintiff Terry Smith states as follows:

## STATEMENT OF THE CASE

1.     This is a claim for damages resulting from the Defendant's acts of age and race discrimination, negligent hiring, negligent supervision, hostile work environment and related claims.

2.     Plaintiff filed a complaint with the EEOC and has received his right to sue letter.

## THE PARTIES

3.     At the time of the events set forth in this Complaint, Plaintiff Terry Smith ("Smith") was a Kentucky resident residing at 3416 W. Main Street, Louisville, KY 40212.

4.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000001 of 000005

5.     Defendant JBS Foods USA (collectively "Defendants") operates JBS Pork Production Facility at 1200 Story Avenue, Louisville, KY 40202. Defendants' headquarters is located at 1770 Promontory Circle, Greeley, CO 80634.

## JURISDICTION AND VENUE

6.     The amount in controversy exceeds the minimum amount for jurisdiction in this Court.

7.     This Court has jurisdiction over the Defendants resides, works and regularly conducts business in Louisville, Jefferson County, Kentucky.

8.     Venue is proper in this Court as the Defendants regularly conduct business in Kentucky and the facts giving rise to this Complaint occurred, at least in part, in Jefferson County, Kentucky.

## FACTUAL BACKGROUND

9.     At all relevant times herein, Plaintiff was employed by Defendants.

10.    Plaintiff is African American and over 60 years old.

11.    Plaintiff worked for Defendants from March 2022 through August 2, 2022.

12.    Through hard work and determination, Plaintiff obtained full time employment with Defendants.

13.    Defendants claim to have a zero-tolerance policy regarding racial discrimination.

14.    Numerous witnesses admit that an employee named Kendrick, last named believed to be Kojuan, regularly pointed to Plaintiff and said " I hate that [mf'ing n-word]."

15.    Plaintiff informed the union about Kendrick's about the offensive racial slur, but no action was taken.

16.    When no action was taken, Plaintiff notified Defendants' HR Director, Nicholas Aguirre, about Kendrick's offensive use of racial slurs directed at Plaintiff. Still no action was taken.

17. Plaintiff then hired an attorney and met with the EEOC.

18. On August 1, 2022, Defendants asked Plaintiff why he was trying to determine Kendrick's name. In response, Plaintiff informed him about the lawsuit.

19. On August 2, 2022, Defendants terminated Plaintiff's employment in retaliation for complaining about racial discrimination.

20. Plaintiff received his right to sue from the EEOC.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff restates and re-alleges each preceding allegation as if each is separately set forth below.

22. Plaintiff and Defendants were parties to an implied employment agreement.

23. Pursuant to the agreement, Defendants promised to provide a safe working environment, free from discrimination and an agreed wage. In exchange for the agreed wage and safe working environment, Plaintiff promised to attend work and perform his job in a satisfactory manner.

24. Plaintiff performed his duties under the parties' agreement.

25. Defendants breached their obligations by failing to provide a safe working environment free of intimidation, threats, harassment and racial slurs.

26. When Plaintiff requested that Defendants provide a safe work environment, Defendants fired Plaintiff.

27. Defendants breached its duty causing Plaintiff to endure race discrimination.

28. As a result of Defendants' breach, Plaintiff suffered damages in the form of pain and suffering, emotional distress and lost wages.

29. Plaintiff's damages exceed the amount necessary to invoke the jurisdiction of this Court and he is entitled to recover all compensatory, consequential, statutory and other damages allowed by law in addition to his costs and attorney's fees as allowed by law.

### COUNT II –TITLE VII AND KENTUCKY CIVIL RIGHTS VIOLATION
### AGE AND RACE DISCRIMINATION

30. Plaintiff restates and re-alleges each preceding allegation as if each is separately set forth below.

31. As shown above, Defendants discriminated against Plaintiff because of his age and race.

32. Defendants' actions constitute a violation of Plaintiff's civil rights.

33. Defendants' actions constitute age discrimination and racial discrimination.

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost past, present and future income and emotional distress. Plaintiff will continue to suffer lost income as a result of the actions of Defendants.

35. As a result of the actions above, Plaintiff is entitled to recover damages in an amount to be determined at trial including punitive damages and attorney fees.

### COUNT III –NEGLIGENCE

36. Plaintiff restates and re-alleges each preceding allegation as if each is separately set forth below.

37. As an equal opportunity employer, Defendants owed a duty of care to Plaintiff to train and supervise its employees, staff and management to ensure they provided a safe work atmosphere free of discrimination.

38. Defendants breached the duty of care by failing to properly train and supervise its employees, management and employees.

39. Plaintiff suffered damages as a direct and proximate result of Defendants' breach.

40. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A money judgment against Defendants in an amount to be determined at trial;

B. An award of punitive damages against Defendants in an amount sufficient to punish the Defendants for willful, wanton, oppressive, fraudulent, malicious and/or grossly negligent conduct;

C. An award of money damages for his emotional distress past, present and future;

D. Leave of Court, if necessary, to amend his Complaint,

E. An award of money damages for back pay, lost wages, front pay and applicable penalties;

F. A trial by jury on all issues so triable;

G. An award of his costs herein expended including a reasonable attorney's fees; and

H. Any and all other relief to which he may properly be entitled.

Respectfully submitted,

/s/ W. Edward Skees
W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
Phone: (812) 944-9990
Fax:   (812) 944-8033
+Email: ed@skeeslaw.com